```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**THE COURTLAND COMPANY,**

      Plaintiff,

v.                                  Civil Action No. 2:19-cv-00894
                                   Civil Action No. 2:21-cv-00487

**UNION CARBIDE CORPORATION,**

      Defendant.

### ORDER

Pending is plaintiff's Motion to Compel Site Inspection and Permit Soil Sampling Pursuant to Federal Rules of Civil Procedure, Rule 34(a)(2).  ECF Nos. 583 (No. 2:19-cv-00894), 266 (No. 2:21-cv-00487).

### Background

At the pretrial conference on June 3, 2022, in the above-captioned cases, the court bifurcated trial into a liability phase ("Phase I") and a damages phase ("Phase II").  After the Phase I bench trial, the court issued its Memorandum Opinion and Order on September 28, 2023.  ECF Nos. 567 (2:19-cv-00894), 250 (2:21-cv-00487).  Thereafter, on November 17, 2023, the court ordered that "discovery has concluded" except that the parties may proceed with discovery "with respect to Union

Carbide Corporation's ('UCC') ongoing remediation work in the West Virginia Voluntary Remediation Program ('VRP')." ECF Nos. 581, at 2 (2:19-cv-00894), 264, at 2 (2:21-cv-00487) (filed Nov. 17, 2023) ("November 17 Order").

On December 4, 2023, plaintiff Courtland Company ("Courtland") filed a Notice of Inspection Pursuant to Rule 34(a)(2), informing UCC that it will "conduct an inspection" of UCC's property that "will include sampling and testing" as set forth therein. ECF Nos. 582 (2:19-cv-00894), 265 (2:21-cv-00894). UCC did not permit Courtland entry onto their property, asserting that the inspections "that Courtland has proposed are outside the scope of the discovery" permitted by the November 17 Order. Pl. Mot. Ex. 2, ECF Nos. 583-2 (2:19-cv-00894) 266-2 (2:21-cv-00894).

Plaintiff then filed the pending motion, seeking an order that compels defendant Union Carbide Corporation ("UCC") "to grant [p]laintiff access to the property owned by UCC . . . at approximately [38°21′29.90″ N, 81°42′31.59″ W] (the "UCC Property")" to enable its expert to "conduct a site visit and sampling of the property as set forth in Plaintiff's sampling plan pursuant to ongoing activities under the West Virginia Department of Environmental Protection Voluntary Remedial Program." Pl. Mot. at 1, ECF Nos. 584 (2:19-cv-00894),

2

267 (2:21-cv-00487).  Plaintiff seeks to "[w]alk any and all areas of the [UCC Property]"; "[o]bserve site conditions"; "[t]ake notes and photographs of the [UCC Property] and [its] conditions"; and "[s]ample soils, surface water, and/or sediment observed in soils, puddles, seeps and other surface waters on/at the [UCC Property], at [plaintiff's] discretion."  Pl. Mot. Ex. 1, ECF Nos. 583-1 (2:19-cv-00894) 266-1 (2:21-cv-00487).  Defendant opposes this motion and seeks an order precluding plaintiff from conducting a site inspection of or taking samples from the UCC Property.  See Def. Resp., ECF Nos. 587 (2:19-cv-00894), 270 (2:21-cv-00487).

## Analysis

The scope of discovery sought through a Rule 34 motion to compel is defined by Rule 26, which permits discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1); see Belcher v. Bassett Furniture Indus. Inc., 588 F.2d 904, 907 (4th Cir. 1978).  Further, because "entry upon a party's premises may entail greater

3

burdens and risks than mere production of documents," a "greater inquiry" into the necessity of such an inspection is warranted. Id. at 908.  Accordingly, the motion to compel will be granted only if movant plaintiff has demonstrated that the inspection sought of the UCC Property is proportional to the needs of the case and will yield nonprivileged matter that is relevant to movant's claims regarding UCC's VRP efforts.

Courtland argues that "an inspection of the site and soil investigation of the UCC Property would be directly relevant for [p]laintiff to be able to properly evaluate [UCC's] ongoing efforts with respect to the VRP, including what work has been performed and the impact of such work."  Pl. Mot. at 4, ECF Nos. 584 (2:19-cv-00894), 264 (2:21-cv-00894).  However, the court is not persuaded that compelling UCC to permit Courtland to inspect the UCC Property would yield any greater utility with respect to the limited scope of Phase II discovery than less invasive methods of discovery.

The November 17 Order limited Phase II discovery to "the status of UCC's ongoing VRP efforts."  ECF Nos. 581, at 2 (2:19-cv-00894), 264, at 2 (2:21-cv-00487).  These ongoing VRP efforts consist of UCC's cooperation with the West Virginia Department of Environmental Protection ("WVDEP") to obtain approval for the Site Assessment Work Plan in May of 2023, the

4

Interim Remedial Action Work Plan as approved by the WVDEP, the pending Site Characterization Report, the results of tests of surface water and groundwater samples collected in October 2023, the VRP reports generated by UCC's consultants, and all publicly held or available data and documents.  As UCC notes, all information and data related to the status of or results of the above remediation efforts are available through less invasive means of discovery, including document disclosures and depositions, the deadline for which the court hereby extends from December 18 to December 22, 2023.  See Def. Resp. at 5-6, ECF Nos. 587 (2:19-cv-00894), 270 (2:21-cv-00487).

Accordingly, discovery permitted pursuant to the November 17 Order consist of data or documents regarding the foregoing; the work that will be, is, or has been performed pursuant to any of the foregoing remediation plans and the results thereof; any communications with the WVDEP with respect to UCC's remediation work or plans; findings by the WVDEP with respect to UCC's remediation work or plans; and work by UCC's consultants with respect to UCC's VRP remediation work or status thereof, including any data they collect or reports they generate.  See Def. Resp. at 2-3, ECF Nos. 587 (2:19-cv-00894), 270 (2:21-cv-00487) (articulating such work and planned reports).  The court thus finds that, given the invasiveness of

a site inspection and plaintiff's ability to discover information and documents through alternative methods, a site inspection is unnecessary and is outside the scope of discovery permitted in the November 17 Order.

In its response to plaintiff's motion, UCC further sought a protective order pursuant to Fed. R. Civ. P. 26(c) prohibiting plaintiff from conducting another site inspection or from taking samples on UCC properties. A motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). Defendant has failed to include such a certification in their motion, and the court accordingly declines to enter such a protective order. See Def. Resp., ECF Nos. 587 (2:19-cv-00894), 270 (2:21-cv-00487).

## Conclusion

For the foregoing reasons, the court DENIES plaintiff's Motion to Compel Site Inspection and Permit Soil Sampling, ECF No. 583 (2:19-cv-00894), ECF No. 266 (2:21-cv-00487), and DENIES defendant's Motion for Protective Order, ECF No. 587 (2:19-cv-00894), ECF No. 270 (2:21-cv-00487). The court ORDERS that the deadline for VRP discovery be and hereby is extended from December 18, 2023, to December 22, 2023.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: December 11, 2023

_____
John T. Copenhaver, Jr.
Senior United States District Judge